CHRISTOPHER A. STECHER, CASB No. 215329
christopher.stecher@kyl.com
SIMON M. LEVY, CASB No. 305569
simon.levy@kyl.com
TERESA J. THONG, CASB No. 328666
teresa.thong@kyl.com
BAILEY D. MAHER, CASB No. 345659
bailey.maher@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
578 Jackson Street
San Francisco, California  94133
Telephone:    (415) 398-6000
Facsimile:     (415) 981-0136

Attorneys for Defendants
CAMPBELL SOUP COMPANY and
SNYDER'S-LANCE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER HERRERA RUIZ, individually, on behalf of himself and all others similarly situated, | Case No. _____ |
| Plaintiff, | **DEFENDANTS CAMPBELL SOUP COMPANY AND SNYDER'S-LANCE, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332(D)(2) [FEDERAL QUESTION AND CLASS ACTION FAIRNESS ACT]** |
| vs. | |
| CAMPBELL SOUP COMPANY, a New Jersey corporation; SNYDER'S-LANCE, INC., a North Carolina corporation; and DOES 1 through 100, inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441(a), 1446, and 1453, Defendants CAMPBELL SOUP COMPANY ("Campbell") and SNYDER'S-LANCE, INC. ("S-L") (collectively, "Defendants") hereby remove the above-captioned action from the Superior Court of the State of California, County of Sonoma, to the United States District Court for the Northern District of California.

## I.   PROCEDURAL BACKGROUND

1. On or about December 22, 2023, Plaintiff JAVIER HERRERA RUIZ ("Plaintiff") filed a Complaint (the "Complaint") in the Superior Court of the State of California, County of Sonoma, commencing a civil action entitled *JAVIER HERRERA RUIZ, individually, on behalf of himself and all others similarly situated v. CAMPBELL SOUP COMPANY, a New Jersey corporation; SNYDER'S-LANCE, INC., a North Carolina corporation; and DOES 1 through 100, inclusive*, Case No. 23CV02178. Attached as **Exhibit A** is a true and correct copy of the Summons and Complaint.

2. Exhibit A constitutes all pleadings that were filed in the state court action, with the exception of notices filed in the state court relating to this removal, which are attached as **Exhibits B** and **C**.

## II.   TIMELINESS OF REMOVAL

3. Plaintiff served the Summons and Complaint on Defendants on January 23, 2024.

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of January 23, 2024—the date on which Defendants were first served with a copy of the Summons and Complaint. *See* Declaration of Simon Levy ("Levy Decl.") at ¶ 3. No previous removal has been filed or made with this Court for the relief sought herein.

## III.   PLAINTIFF'S ALLEGATIONS

5. The Complaint alleges eight causes of action against Defendants: (1) failure to provide overtime under the Fair Labor Standards Act; (2) failure to reimburse business expenses; (3) unlawful deductions from wages; (4) failure to pay overtime; (5) failure to provide accurate wage statements; (5) failure to provide meal periods; (6) failure to provide rest breaks; and (7) unfair business practices.

Complaint, ¶¶ 42-78.

## IV. JURISDICTIONAL BASES FOR REMOVAL

6. This case is removable pursuant to 28 U.S.C. § 1331 because Plaintiff's claims, in whole or in part, arise under and are completely preempted by the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 203, *et. seq.*, thus supplying federal question jurisdiction.

7. This case is further removable pursuant to the Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1332(d), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred (100) members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. §§ 1446 and 1453. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

### A. REMOVAL UNDER FEDERAL QUESTION

#### 1. This Court Has Federal Question Jurisdiction Based On Claims Arising Under The Fair Labor Standards Act.

8. A case presents a "federal question" and provides grounds for removal if a claim "'aris[es] under the Constitution, laws, or treaties of the United States.'" *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (quoting 28 U.S.C. § 1331).

9. Plaintiff's Complaint presents original federal questions under the FLSA, which independently confers this Court with original jurisdiction over this action. Complaint, ¶¶ 42-47.

10. Under his First Cause of Action for Failure to Pay Overtime Under the FLSA, Plaintiff alleges that Independent Distribution Partners ("IDPs") who contracted with S-L,[1] "including Plaintiff, regularly worked (and continue to work) between 55 and 70 hours per week and 6 to 7 days per week in accord with Defendants' mandated schedule. Yet Defendants never paid Plaintiff or any members

---

[1] Campbell had no relationship with Plaintiff, the putative class members, or the putative collective class members (except as a party with whom disputes must be arbitrated), be it contractual or otherwise. Accordingly, Campbell is improperly named as a Defendant in this action.

- 3 -

of the FLSA Class any of the overtime pay they had earned." Complaint, ¶ 45. Plaintiff further alleges that "Defendants know that these workers are improperly classified and that they work well over 40 hours per week, but intentionally and willfully fail to provide overtime premium pay." Complaint, ¶ 46.

11. Accordingly, Plaintiff's First Cause of Action explicitly presents a federal question over which this Court has original jurisdiction. 28 U.S.C. § 1331; *see also Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1074 n.1 (9th Cir. 2016) ("Because [plaintiff] pleaded a claim under the FLSA, a federal law, the district court also had federal question jurisdiction [over alleged 'violations of California employment laws']").

### 2. This Court Has Supplemental Jurisdiction Over Plaintiff's Related State Law Claims.

12. Plaintiff asserts the remainder of his claims under the California Labor Code, the California Business and Professions Code, and California Wage Orders. Plaintiff's claims under California law arise from, relate to, and emanate from the exact same contractual relationship between Plaintiff and S-L that is the subject of the federal question claim, and raise the exact same issues as to whether Plaintiff and the potential class were misclassified as independent contractors rather than as employees, and as a result, whether they were properly compensated for all hours worked at the correct rates of pay, properly provided meal and rest breaks, properly compensated for any meal and rest break violations with premium pay at the correct rate, provided accurate and itemized wage statements, reimbursed for necessary business expenditures, and timely paid all wages.

13. Therefore, the California and federal claims are so related that they form part of the same case or controversy. Accordingly, this Court has supplemental jurisdiction over Plaintiff's claims under California law pursuant to 28 U.S.C. § 1367(a). *See Geanta v. Compass Health, Inc.*, 673 F. App'x 768, 769 (9th Cir. 2017) (reversing dismissal of related state law claims on grounds that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"); *Lowenthal v. Quicklegal, Inc.*, No. 16-cv-03237-LB, 2016 U.S. Dist. LEXIS 133838, at *13 (N.D.

Cal. Sept. 28, 2016) ("court has federal-question jurisdiction over [plaintiff's] FLSA claim and supplemental jurisdiction over the others—all of which relate to his alleged employment and non-payment, and thus are 'so related' to his FLSA claim").

14. This Court retains original jurisdiction over the entire civil action here because only one claim is needed for original jurisdiction over an entire civil action. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) ("[i]f the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint").

## B. CLASS ACTION FAIRNESS ACT

15. CAFA provides a separate and independently sufficient basis to remove this case to federal court. Pursuant to 28 U.S.C. § 1332(d), a District Court shall have original jurisdiction of a putative class action when: (1) there are 100 or more putative class members; (2) the matter in controversy exceeds $5 million; and (3) any member of the putative class is a citizen of different state from any defendant. As established below, the Court has original jurisdiction of this action under CAFA.

### 1. Size of Class

16. CAFA's requirement that proposed class membership be no less than 100 is satisfied here because the putative class has more than 100 members. *See* 28 U.S.C. § 1332(d)(5).

17. Plaintiff—a former IDP that contracted through his own corporate business with S-L—alleges that he and other IDPs were misclassified as independent contractors rather than as employees. Complaint, ¶ 50. The Complaint alleges a plaintiff class that consists of one "California Class"[2] which, as pleaded, includes "[a]ll individuals who personally worked in California during the Class Period pursuant to a "Distributor Agreement" or similarly styled hiring agreement to distribute

---

[2] Plaintiff also alleges a so-called "FLSA Class" under the FLSA. Complaint, ¶ 24. A collective action under the FLSA is distinct from a class action. Accordingly, those allegations presumably do not bear on the Complaint's separate class allegations, which are relevant to the Court's consideration of CAFA jurisdiction.

Defendants' snack products to its customers that were not classified as employees." Complaint, ¶ 35.

18. Plaintiff defines the Class Period as "four years preceding the date that the first Complaint in this action is filed, until the full resolution of this action, plus any time that may be attributed to equitable or other forms of tolling." Complaint, ¶ 34.

19. Plaintiff further alleges that he "is informed and believes that there are over three hundred individuals meeting the Class definition." Complaint, ¶ 37. Between December 22, 2019 (four years prior to filing the complaint) and December 22, 2023, S-L contracted with approximately 419 Independent Distribution Partners in California. *See* Declaration of Kyle Jordan ("Jordan" Decl."), ¶ 6. Therefore, the size of the putative class exceeds 100.

## 2. Amount in Controversy

20. The alleged damage calculations set forth in the instant Notice of Removal are provided for purposes of removal only and based on the presumption of truth to which Plaintiff's allegations are entitled. ***Defendants deny that Plaintiff or any putative class member is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's claims and their alleged damages at every stage of this case.***

21. CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6).

22. In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40. The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the

aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case. . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

23. The Ninth Circuit has found that any doubts over the amount in controversy in a CAFA action should be resolved in favor of federal jurisdiction. *See Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015) ("'CAFA's language favors federal jurisdiction over class actions.'") (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) ("CAFA's language favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended . . . all doubts [be] resolved 'in favor of exercising jurisdiction over the case.'").

24. Plaintiff's Complaint does not allege the amount in controversy for the classes he purports to represent. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co.*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard"). Moreover, where the underlying state practice "permits recovery of damages in excess of the amount demanded . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2). The defendant must show that it is "more likely than not" that the jurisdictional threshold is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

25. To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). A defendant is not obligated to "research, state and prove the plaintiff's damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204-1205 (E.D. Cal. 2008).

26. Defendants' estimates as to the amount in controversy are not admissions to liability or class certification requirements, and Defendants expressly deny that Plaintiffs can establish liability or damages individually or on a class-wide basis. "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

27. As shown below, Defendants have exceeded this standard, providing the Court with reasonable estimates and assumptions based on evidence and/or Plaintiff's allegations to show that the amount in controversy at issue here exceeds $5,000,000.

### a. Failure to Pay Overtime Pursuant to California Law

28. In his Fourth Cause of action for failure to pay overtime under California Labor Code § 510 and Wage Orders, Plaintiff alleges that IDPs in the "California Class" "work well over 8 hours, five days per week, and well over 40 hours per week to complete the work assigned to them by Defendants." Complaint, ¶ 62. Plaintiff further alleges that Defendants are liable to Plaintiff and the putative class "for unpaid overtime, interest, attorneys' fees and costs, and any related statutory penalties" pursuant to Cal. Lab. Code § 510. Complaint, ¶ 63. Under California law, overtime pay must be at least 1.5 times the regular rate of pay. Overtime includes working more than 8 hours per day – in addition to over 40 hours per week. Further, any "work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay." Cal. Labor Code § 510(a). The statute of limitations for recovery for overtime pay under California Labor Code § 510 pay is three years. Cal. Civ. Proc. Code § 338.

29. Again, Defendants deny that Plaintiff or any putative class member of the California Class is entitled to overtime premiums, that they failed to pay wages due to Plaintiff or any putative class member (willfully or otherwise), that Plaintiff or any putative class member was misclassified as an independent contractor.

30. For purposes of calculating the amount in controversy on Plaintiff's overtime claim under California law, S-L estimates one hour per putative class member of the California Class per week in light of Plaintiff's allegation that the IDPs "work well over 8 hours, five days per week, and

well over 40 hours per week" and are entitled to overtime as defined under California law. Complaint, ¶ 62; *See Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1042 (N.D. Cal. 2014) (finding appropriate the assumption that each class member is owed one hour of overtime compensation per week where the complaint alleged overtime violations without specificity); *Kastler v. Oh My Green, Inc.*, No. 19-cv-02411-HSG, 2019 U.S. Dist. LEXIS 185484, at *12 (N.D. Cal. Oct. 25, 2019) (an estimate of one hour of overtime/week "is a conservative estimate routinely endorsed by courts in evaluating CAFA's amount in controversy requirement when plaintiff fails to include specific allegations").

31. According to S-L's records, approximately 419 IPDs contracted with S-L in California during the relevant time period of December 22, 2019 to December 22, 2023. Jordan Decl., ¶ 6. There are 87,152 workweeks in controversy. *Id.* The average California minimum wage during the three years at issue is approximately $14. *Id.* Accordingly, the average overtime rate would exceed $21. *Id.* Based on a presumption of one hour of overtime per IDP per workweek, there is $1,830,192.00 in alleged, unpaid California overtime in controversy. *Id.*

### b. Plaintiff's Failure to Provide Accurate Wage Statements Claim

43. In his Fifth Cause of Action for failure to provide accurate wage statements, Plaintiff alleges that Defendant violated Labor Code Section 226 by, "among other things, failing to provide accurate gross and net wages earned and hours worked on a paystub to Distributors." Complaint, ¶ 67.

44. Under California Labor Code Section 226(e), an injured employee can recover actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, up to an aggregate penalty of $4,000, for a knowing and intentional violation. There is a one-year statute of limitations on claims for wage statement penalties. Cal. Code Civ. Proc. § 340(a).

45. Defendants deny that Plaintiff can establish any of the requirements of Cal. Labor Code § 226 either individually or on a class-wide basis, including because independent contractors cannot recover under this statute or for the other claims discussed in the Complaint.

46. According to S-L's records, at least 281 IPDs contracted with S-L in California during

the relevant time period of December 22, 2022 to December 22, 2023, representing a total of approximately <u>7,306</u> pay periods assuming biweekly pay periods. Jordan Decl., ¶ 7. Even if each period were considered an initial pay period under California law, Plaintiff's wage statement claim has placed at least another approximately $365,300.00 in controversy (7,306 initial pay periods * $50 for initial violation).

### c. **Plaintiff's Failure to Provide Meal and Rest Periods Claim**

47. In his Sixth Cause of Action, Plaintiff seeks to recover unpaid meal period premium payments on behalf of himself and the "California Class" pursuant to California Labor Code section 226.7. Complaint, ¶ 71. Plaintiff alleges that "Defendants do not provide meal breaks for its Distributors and provide no such compensation in lieu of these breaks as required by law. And Distributors have not otherwise waived their entitled to meal breaks. Defendants do not document or record hours worked by Distributors, including when they take breaks. This triggers a rebuttable presumption no break was made available to Distributors." Complaint, ¶ 72.

48. For every day an employee works five or more hours and the employer fails to provide a 30-minute uninterrupted meal period prior to their fifth hour of work, or works ten or more hours and the employer fails to provide a second 30-minute uninterrupted meal period, the employee is entitled to a premium payment equal to a full hour of pay at the employee's regular rate of pay. Lab. Code § 226.7(c).

49. For every day an employee works three and a half or more hours and the employer fails to provide at least a 10-minute uninterrupted rest period or works six or more hours and the employer fails to provide a second at least 10-minute uninterrupted rest period, the employee is entitled to a premium payment equal to a full hour of pay at the employee's regular rate of pay. Lab. Code § 226.7(c).

50. In his Seventh Cause of action, Plaintiff alleges that "Defendants failed to provide for rest breaks or pay Distributors for rest breaks if taken. Defendants also failed to pay compensation in lieu of these paid breaks." Complaint ¶ 77. Plaintiff seeks to recover unpaid rest period premium payments. Complaint ¶ 78.

51. Defendants deny that Plaintiff can establish any of the requirements of Cal. Labor Code § 226.7 either individually or on a class-wide basis, including because independent contractors cannot recover under this statute or for the other claims discussed in the Complaint.

52. When a plaintiff alleges that meal or rest periods were "regularly" missed, courts have routinely upheld an assumption for purposes of CAFA removal of one missed meal period and one missed rest period per week. *See Campbell v. Vitran Exp.*, Inc., 471 F. App'x 646, 649 (9th Cir. 2012) (finding allegation that an employer "regularly and consistently" failed to provide meal and rest periods sufficient to support an assumption one meal and rest period violation per week).

53. In this matter, there is a four-year statute of limitations for the meal and rest period claims. Cal. Civ. Proc. Code § 338(a); Cal. Bus. & Prof. Code § 17208. Between the four (4) year period ranging from December 22, 2019, to December 22, 2023, S-L contracted with approximately 419 IDPs in California. Jordan Decl., ¶ 8. Accordingly, there are 87,152 weeks in which an IDP contracted with S-L. *Id.* For purposes of this calculation, Defendants presume a $14 minimum wage for the premium pay based on the average minimum wage in California throughout the relevant period. *Id.* Accordingly, based on the allegations of the Complaint, assuming each potential class member is entitled to one hour of premium pay per week for the alleged non-provision of meal periods, the amount in controversy on the missed meal periods would equal no less than $1,220,128 ($14.00/hour x 87,152 workweeks). *Id.*

54. The amount in controversy for rest periods for purposes of CAFA jurisdiction could be calculated in the same manner set forth above for meal periods (i.e. one missed rest period per week).

55. Accordingly, the amount in controversy for the alleged missed meal and rest periods totals $2,440,256.

### d. Plaintiff's Claims for Attorneys' Fees

56. Plaintiff also seeks recovery of attorneys' fees. *See* Complaint, ¶¶ 47, 53, 58, 63, 68, 73, 78, 89, and Prayer for Relief.

57. Attorneys' fees are properly included in determining the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Sanchez v. Wal-Mart Stores,*

*Inc.*, No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation").

58. Although Defendants deny Plaintiff's entitlement to any attorneys' fees, for purposes of removal, courts in the Ninth Circuit use a benchmark rate of 25% of the potential damages as the amount of attorneys' fees to include in the amount in controversy. *See Jasso v. Money Mart Exp., Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, *7 (N.D. Cal. Mar. 1, 2012) (approving the defendant's use of the 25% benchmark rate to determine the amount of attorneys' fees placed in controversy). The amount of attorneys' fees in similar cases can be significant. Levy Decl., ¶ 4. For example, in a misclassification class action before the Southern District filed by Plaintiff's counsel, Plaintiffs requested an award of attorneys' fees in the amount of $18,333,000 following the court's preliminary approval of the settlement. *See Ludlow v. Flower Foods, Inc., et al.,* Motion For Attorneys' Fees, Costs, And Service Awards, No. 3:18-cv-01190-JO-JLB, (S.D. Cal Feb. 2, 2024). Levy Decl., ¶ 4.

59. Therefore, if Plaintiff prevails on all claims, Plaintiff's counsel could easily seek 25% of the estimated amount in controversy in claimed attorneys' fees.

60. In sum, Plaintiff's allegations well exceeds the $5,000,000 threshold set forth under 28 U.S.C. Section 1332(d)(2).

### 3. **Diversity of Citizenship**

61. Plaintiff alleges that he is "an individual residing in the State of California." Complaint, ¶ 7.

62. Defendants are not citizens of California. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). Campbell is not incorporated in California and does not have its principal place of business in California. Rather, it is incorporated in New Jersey and its principal place of business is located in Camden, New Jersey. Jordan Decl., ¶ 2.  Likewise, S-L is not incorporated in California and does not have its principal place of business in California. S-L is incorporated in North Carolina and its principal place of business is located in Camden, New Jersey. *Id.* at ¶ 3.

63. Pursuant to 28 U.S.C. § 1441(a), the residences of fictitious and unknown defendants should be disregarded for the purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (concluding that unnamed defendants are not required to join in a removal petition). *See also Braud v. Trasp. Serv. Co.*, 445 F.3d 801, 808 (5th Cir. 2006) ("The language of CAFA is plain that any single defendant can remove (without the consent of other defendants) the entire class action (not merely the claims of that defendant)").

64. Based on the Complaint, at least one putative class member (the Plaintiff) is diverse from both Defendants and diversity exists under CAFA. 28 U.S.C. § 1332(d)(2)(A).

65. Accordingly, because (1) there are 100 or more putative class members; (2) the matter in controversy exceeds $5 million; and (3) Plaintiff is diverse from Defendant, the CAFA jurisdictional requirements in 28 U.S.C. § 1332(d) are satisfied.

## V. VENUE

66. Plaintiff filed the State Court Action in the Superior Court of the State of California, for the County of Sonoma. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue lies in the district in which the State Court action is pending, which is the United States District Court for the Northern District of California.

## VI. INTRADISTRICT ASSIGNMENT

67. Pursuant to Local Rule 3-2(d), this case should be assigned to the San Francisco or Oakland Division because the action was initially filed in Sonoma and Plaintiff was employed by Defendant in Sonoma County.

## VII. NOTICE TO STATE COURT AND PLAINTIFF

Pursuant to 28 U.S.C. § 1446(d), notice of this removal is being filed with the Superior Court of California, County of Sonoma (*see* Exhibit B, attached without exhibits, which are incorporated fully in these federal removal documents) and being served on Plaintiff (*see* Exhibit C, attached without exhibits, which are incorporated fully in these removal documents).

**WHEREFORE**, Defendants pray that this action be removed from the Superior Court of the State of California for the County of Sonoma to the United States District Court for the Northern District of California.

DATED: February 22, 2024

/s/ Christopher A. Stecher
CHRISTOPHER A. STECHER
SIMON M. LEVY
TERESA J. THONG
BAILEY D. MAHER
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
CAMPBELL SOUP COMPANY and
SNYDER'S-LANCE, INC.

DEFENDANTS CAMPBELL SOUP COMPANY AND SNYDER'S-LANCE, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(D)(2) [CLASS ACTION FAIRNESS ACT] - Case No.